RICHARD J. CHALIFOUX *vs.* COMMISSIONER OF CORRECTION.

Suffolk. March 8, 1978. — June 19, 1978.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Practice, Criminal*, Sentence. *Imprisonment.*

Where a prisoner who escaped while serving a Massachusetts sentence was
   later convicted of another crime in California on which sentence was
   imposed to be served concurrently with the Massachusetts sentence,
   and where Massachusetts prison authorities refused to receive him on
   transfer and failed to advise him promptly that they declined to credit
   him with time served on the California sentence, considerations of
   fairness required that the prisoner be credited on his Massachusetts
   sentence with time served in California. [427-429]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on April 12, 1977.

On transfer to the Superior Court, the case was heard by
*Silverman, J.*, a District Court judge sitting under statutory
authority.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Barbara A. H. Smith*, Assistant Attorney General, for the
defendant.

*James B. Krasnoo* for the plaintiff.

WILKINS, J. We hold that, in computing the date of the
plaintiff's discharge from confinement under a sentence im-
posed in this Commonwealth, he is entitled to credit for
time served on a California sentence.

On November 19, 1971, Chalifoux was convicted in the
Superior Court in Bristol County of assault and battery by
means of a dangerous weapon and was sentenced to a term
of not more than ten years nor less than eight years. On Feb-
ruary 15, 1973, he escaped. He was arrested in Los Angeles,

California, on April 8, 1973, and charged with second degree kidnap. On April 19, 1973, Massachusetts lodged a warrant against him in connection with his escape. On June 14, 1973, Chalifoux negotiated a plea to the California kidnap charge. The judge imposed a sentence of from one to twenty-five years, as prescribed by California law, and ordered that the sentence be served concurrently with the outstanding Massachusetts sentence. The judge stated in open court that "[w]ith the District Attorney and [defense counsel] we discussed this defendant could be released to the Massachusetts Authorities to serve the remainder of his term in Massachusetts, and this sentence was to be served concurrently with that sentence. I want that in the record." The Commonwealth was not a party to the plea bargain, and did not assent to any determination that the California sentence should be served concurrently with the Massachusetts sentence.

On October 31, 1973, the plaintiff, still incarcerated in California, learned that the Massachusetts Department of Correction (department) had lodged a detainer against him. On that date he demanded a speedy trial on the Massachusetts escape charge and also requested release to the department so that he could serve his sentences concurrently. California authorities granted the request for release on November 14, 1973, and wrote to the department offering (1) to release Chalifoux to the department to serve his California sentence concurrently in Massachusetts, (2) to have the California department designated as the place of service of the Massachusetts sentence, or (3) to hold Chalifoux until he was released or discharged from his California sentence. On November 27, 1973, an attorney representing the department wrote to the authorities in California stating that "[i]t is our desire that the Subject remain at your institution," and requesting further information. The requested information was furnished but, despite requests from both Chalifoux and the California authorities that the department reach a final position, the department did not answer until February 11, 1974. On that date, a deputy commis-

sioner wrote to Chalifoux from Massachusetts that "[d]ue to overcrowded conditions in our system, we will not consider your request to be transferred to Massachusetts. However, when the California authorities release you, we will then take the necessary action to return you to the state." On April 26, 1974, an attorney for the department wrote the California authorities that the department did "not desire to have the Subject serve his California sentence concurrently with his outstanding Massachusetts sentence." There is no indication that Chalifoux received a copy of this letter, or that he became aware of the department's position. The complaint charging Chalifoux with escape was dismissed on June 10, 1974, for lack of a speedy trial. The detainer on the original Massachusetts sentence remained in effect.

On November 8, 1976, California paroled Chalifoux, and the department took custody of him and returned him to the Commonwealth. The department takes the position that Chalifoux is not entitled to credit for any time he served in California, and that his discharge date is, therefore, approximately August 1, 1981. Chalifoux argues that he is entitled to credit for a major portion of his California time and that his discharge date was January 2, 1978.

A judge in the Superior Court ruled in Chalifoux's favor in this proceeding which Chalifoux commenced against the Commissioner of Correction (Commissioner) seeking a declaratory judgment concerning his proper discharge date.[1] A judgment was entered accordingly on January 12, 1978, and the department appealed. A Justice of the Appeals Court entered a stay of the judgment pending appeal. We transferred the appeal to this court on our own motion, heard arguments on March 8, 1978, and, on the next day, issued an order forthwith affirming the judgment. This opinion explains that order.

---

[1] The judge ruled that Chalifoux was entitled to credit for time served on and after November 14, 1973, the date on which the California prison authorities notified the department that Chalifoux was available for custody in Massachusetts.

Neither party points to any statute which bears significantly on the issues in this case. Chalifoux argues that considerations of due process of law require that he be given credit on his Massachusetts sentence for time served in California. But he offers no authority which so holds on facts analogous to those before us. The Commissioner argues that Chalifoux has no constitutional, or other, right to credit for any time served in California.[2]

We believe that fairness is the appropriate measure in determining whether and to what extent Chalifoux must be given credit for the time he served in California. In cases involving the issue whether credit should be given for time served on multiple sentences imposed within the Commonwealth, where no statute was controlling, we have been guided by considerations of fairness and a proper sense of justice. *Brown* v. *Commissioner of Correction*, 336 Mass. 718, 721 (1958). *Lewis* v. *Commonwealth*, 329 Mass. 445,

---

[2] The Commissioner cites *Braun* v. *Rhay*, 416 F.2d 1055, 1057 (9th Cir. 1969), in support of his claim that Chalifoux has no constitutional rights to the sentence credit. Braun escaped from custody in Washington and was convicted of a crime in California. The court said that there was no due process requirement (1) that Washington either had to accept California's tendered surrender of Braun or lose the right to assert jurisdiction over him or (2) that Washington must credit time served by Braun in California where Braun was given a California sentence to be served concurrently with any unexpired terms. *Id.* The court also rejected an argument that Washington had to give full faith and credit to California's order authorizing the release of Braun to Washington. *Id.*

Chalifoux relies on *Lebosky* v. *Saxbe*, 508 F.2d 1047 (5th Cir. 1975). Lebosky escaped from a Federal penitentiary while serving an eighteen-year sentence. He was arrested subsequently in Louisiana and convicted of armed robbery, receiving a fifteen-year sentence, concurrent with any other sentence. Louisiana demanded that the Federal officials take custody of Lebosky, but they declined. Lebosky argued that he should "not be whipsawed between the federal government's right to take him into custody and its refusal to take him into custody, carried out for the purpose of frustrating the intention of the state sentencing judge and thereby imposing upon him a lengthy non-current state incarceration not intended by the state authorities." *Id.* at 1049. The court did not decide, however, whether any of Lebosky's rights had been violated but concluded that the complaint should not have been dismissed and remanded the case for an evidentiary hearing on a variety of issues.

448 (1952). Cf. *Manning* v. *Superintendent, Mass. Correctional Inst., Norfolk*, 372 Mass. 387, 394 (1977) ("Liberty is of immeasurable value; it will not do to read statutes and opinions blind to the possible injustice of denying credit"); *Commonwealth* v. *Grant*, 366 Mass. 272, 275 (1974) (statute concerning credit for time spent in confinement before sentencing "should be read against the backdrop of fair treatment of the prisoner").

Although fairness is the concept underlying due process, our decisions in this area have not rested on constitutional requirements. Where no statute controls, we have been establishing guiding principles, case by case, as we do in the matter now before us.

The Commonwealth was not obliged to credit time spent by Chalifoux serving his California sentence against his Massachusetts sentence. The California court did not purport to direct that result, and, even if it had, Massachusetts would have had no obligation to give full faith and credit to that judgment. See *Nelson* v. *George*, 399 U.S. 224, 229 (1970). The department in effect had determined that it did not intend to give credit for time served in California when, on April 26, 1974, one of its attorneys wrote to the California authorities that "the Department does not desire to have the Subject serve his California sentence concurrently with his outstanding Massachusetts sentence."

The problem with the Commissioner's position is that the department never advised Chalifoux of its decision not to credit him with time served in California. He was simply advised that Massachusetts would not accept him for transfer here because of "overcrowded conditions in our system." Neither California nor Chalifoux could compel Massachusetts to take him on transfer. Of course, if Massachusetts had taken Chalifoux, he would have served his Massachusetts sentence here, and California would have credited his time here against its sentence. The refusal to accept Chalifoux's transfer solely because of overcrowding of our State prisons might fairly imply that Massachusetts was

crediting Chalifoux for the time he was serving in California.

We think it is unfair for Massachusetts to refuse to receive a prisoner on transfer and then to decline to credit him with time served elsewhere on a sentence intended to be concurrent with his Massachusetts sentence without advising him promptly of that determination. Chalifoux was effectively and unfairly denied any reasonable opportunity to seek relief from his California sentence. The California judge explicitly intended that Chalifoux be tendered to Massachusetts, as he was, and that he be credited with time served in Massachusetts. In these circumstances, if Chalifoux had known of the department's decision to deny credit for time served in California, he might have been able to obtain some relief in California, perhaps from a court by modification or revocation of his sentence or perhaps from the California parole board.[3]

A decision not to accept Chalifoux because of overcrowded conditions in Massachusetts prisons, coupled with an outstanding Massachusetts detainer lodged against Chalifoux, suggests that Chalifoux could be regarded as in the constructive custody of Massachusetts authorities and thus serving his Massachusetts sentence in California. See *Commonwealth* v. *Grant*, 366 Mass. 272, 276 (1974). In any event, even if the fiction of constructive custody is not appropriate in this instance, perhaps because Massachusetts in fact did not believe that Chalifoux's California incarceration served its interests, in all the circumstances, considerations of fairness required our order affirming the judgment that Chalifoux be credited on his Massachusetts sentence with time served in California, as the trial judge determined.[4]

---

[3] The record indicates that Chalifoux's minimum eligible parole date in California was April 8, 1974, a date prior to the date of the department's letter disavowing an intention to credit Chalifoux with time served in California.

[4] We need not determine whether the date as of which credit should commence was November 14, 1973, the date Massachusetts was notified of Chalifoux's availability (and the date selected by the judge). The Commonwealth makes no specific challenge to the date selected by the judge.