COMMONWEALTH *vs.* DAVID MICHAEL AQUAFRESCA. March 19, 1981. Aquafresca was charged on June 13, 1972, on twelve indictments for armed robbery on May 19, 1972, and related offenses. On June 14, 1972, he was released on bail on those charges. On June 20, 1972, he was charged on three indictments for armed robbery on May 17, 1972. He was released on personal recognizance on July 5, 1972.

Following his release from the charges just mentioned, Aquafresca was defaulted. A Federal interstate fugitive warrant issued on December 11, 1972, based on these charges. On August 5, 1974, Aquafresca was arrested by local police in Roseburg, Oregon. The arresting officer reported that the arrest was on the fugitive warrant, but also indicated that he was wanted by the FBI. While on the West Coast, Aquafresca and others had engaged in a series of bank robberies and these he admitted in an interview with FBI agents in Oregon on August 6, 1974.

From August 6 until October 10, 1974, Aquafresca was held in various jails in Orgon, apparently for the Federal offense of bank robbery, for which he was indicted on August 14 and to which he pleaded guilty on September 23, 1974.

The United States District Court ordered him transferred temporarily to Massachusetts to deal with the charges against him here. He was placed by the United States Marshal at the Suffolk County jail on October 10, 1974, and on October 21 was transferred to the Worcester County jail. He was sentenced on January 16, 1975, on the Worcester charges (after pleas of guilty) for varying terms, to be served concurrently. The longest of these was from twelve to thirty years at the Massachusetts Correctional Institution, Walpole.

Aquafresca was returned to Oregon where he was sentenced on February 10, 1975, for a term later reduced to twenty years. At the arguments, we were told that this sentence is now being served concurrently with his Massachusetts sentence.

On January 27, 1980, in behalf of Aquafresca there was filed a motion (denied March 26, 1980) to correct judgment by amending Aquafresca's

sentences of January 16, 1975, to provide "that the sentence[s] commenced as of August 5, 1974, the date that . . . [he] was arrested" in Oregon on the interstate flight warrant. The sentence had previously been corrected on April 20, 1979, to give Aquafresca eighty-eight days of credit time in the Worcester County jail prior to sentence, i.e. October 21, 1974, through January 15, 1975. The Commonwealth conceded in the Superior Court and at the arguments that Aquafresca is entitled to eleven days additional credit for time (October 10 through October 21, 1974) spent at the Suffolk County jail awaiting transportation to the Worcester County jail. He now seeks additional credit for the period between August 5, 1974, and October 10, 1974, when he arrived in Massachusetts.

Aquafresca is entitled to credit (under G. L. c. 279, § 33A, as appearing in St. 1961, c. 75; see also G. L. c. 127, § 129B) for pre-Massachusetts sentence time spent in Federal custody at least so far as that time was directly caused by or related to custody under the Federal fugitive warrant and not to the robberies on the West Coast (wholly unconnected with Aquafresca's Massachusetts offenses). See *Commonwealth* v. *Grant*, 366 Mass. 272, 275 (1974). See also *Libby* v. *Commissioner of Correction*, 353 Mass. 472 (1968). We hold that Aquafresca is entitled (in addition to the credits already mentioned) to credit for the time between his arrest on August 5, 1974, in Oregon and his indictment on the robbery charges in Oregon on August 14, 1974. Holding him during that period at least in some measure is attributable to his Massachusetts robberies.

A more difficult question is presented by his custody in Oregon from August 14 to October 10, 1974, when he was returned temporarily to Massachusetts. This time, as a practical matter, would seem to have been caused by the necessity of holding him for his Oregon crimes. Had it not been for them, he presumably would have been returned earlier to Massachusetts.

In *Manning* v. *Superintendent, Mass. Correctional Inst., Norfolk*, 372 Mass. 387, 394 (1977), the court cautioned against "an overly legalistic approach" in matters of credit for time spent in prison or jail and warned of "the possible injustice of denying credit." That, however, was a case in which credit on a sentence was given to a prisoner who had served part of a sentence, on another and unrelated conviction, which had been set aside on appeal. In *Chalifoux* v. *Commissioner of Correction*, 375 Mass. 424, 427 (1978), a prisoner, who had escaped while serving a Massachusetts sentence, was given credit for time served on a later California sentence (stated to be concurrent with the Massachusetts sentence) where the California authorities offered to deliver the prisoner to Massachusetts and the Massachusetts correctional authorities declined to receive him because of prison overcrowding here. The prisoner was not informed of the refusal. The opinion (at 429) states that "it is unfair for Massachusetts to refuse to receive a prisoner on transfer and then to decline to credit him with time served elsewhere on a sentence intended to be concurrent with his

Massachusetts sentence without advising him promptly of that determination." In both the *Manning* and the *Chalifoux* cases special considerations of fairness to the prisoner led to granting credit as part of a process of "establishing [in this area] guiding principles, case by case." See the *Chalifoux* case at 428.

No such special considerations of fairness apply to Aquafresca. We perceive no obligation (as matter of fairness or otherwise) to give him credit for time served in jail, prior to the commencement of the unrelated Oregon sentence, as a result solely of the crimes which led to that sentence. See *Commonwealth* v. *Carter*, 10 Mass. App. Ct. 618, 619-621 (1980). The record is too confused to enable us to determine with precision what part of the delay in returning Aquafresca to Massachusetts in fact was caused solely by the pendency of the Oregon charges. On purely documentary evidence, however, we are in as good a position as the trial judge to make this determination. We conclude that, wholly apart from his detention on the Oregon charges, it might reasonably have taken until September 5, a month after his arrest in Oregon, for the Federal authorities to get him to Massachusetts. In fairness, an additional credit against the Massachusetts sentence is to be given for at least this period of time served.

The case is remanded to the Superior Court for further proceedings consistent with this opinion, which may include examination by the trial judge to make certain that the circumstances of the concurrent Massachusetts sentences and the Federal court sentences in Oregon do not require as matter of fairness some further adjustment.

*So ordered.*

*John P. Osler* for the defendant.

*Lynn Morrill Turcotte,* Assistant District Attorney, for the Commonwealth.