FREDERICK A. LYDON *vs.* SHERIFF OF PLYMOUTH COUNTY. November 6, 1984. *Firearms. Imprisonment.*

This case presents the question whether a person who has been convicted of unlawfully carrying a firearm (G. L. c. 269, § 10 [*a*]) may obtain a reduction in his sentence, pursuant to G. L. c. 127, § 129D, for satisfactory participation in certain work and educational programs while incarcerated. The firearms statute provides that the sentence imposed "shall not be reduced to less than one year, nor suspended, nor shall any person convicted under this subsection (*a*) be eligible for probation, parole, or furlough or receive any deduction from his sentence for good conduct until he shall have served one year of such sentence." G. L. c. 269, § 10 (*a*), as amended through St. 1983, c. 516, § 2. The plaintiff, who was convicted of two firearms violations, argues that the good conduct deduction denied to him by § 10 (*a*) is the deduction generally available for good conduct within a place of confinement under G. L. c. 127, § 129, and that the deduction available for satisfactory conduct or performance in a work and education program under G. L. c. 127, § 129D, is not denied to him under G. L. c. 269, § 10 (*a*).

The plaintiff was sentenced on March 15, 1983, to serve two concurrent one-year sentences for violation of G. L. c. 269, § 10 (*a*). He has participated in work, education, and counselling programs and under G. L. c. 127, § 129D, has accrued forty-five days' credit toward his sentence, assuming such credits are available to him. A Superior Court judge ruled that the plaintiff was not enti-

tled to a deduction for credits allegedly available under G. L. c. 127, § 129D. The judge stayed the portion of the plaintiff's sentence in dispute, pending the plaintiff's appeal. We granted the plaintiff's application for direct appellate review. We affirm the judgment.

The question is whether the denial of "any deduction from [a person's] sentence for good conduct" as stated in G. L. c. 269, § 10 (a), refers to sentence deductions generally made available under G. L. c. 127, § 129D, following satisfactory performance in a work or educational program while incarcerated. The question might be a close one if the second sentence of § 129D did not itself state explicitly that deductions available under § 129D are "good conduct credits." Thus the Legislature has said that deductions under § 129D are good conduct credits and therefore they are deductions for good conduct which, under § 10 (a), the plaintiff is not to receive.

*Judgment affirmed.*

*Bruce T. Macdonald* for the plaintiff.
*Robert E. McCarthy* for the defendant.