MIGUEL A. RODRIGUEZ vs. SUPERINTENDENT,
NORTHEASTERN CORRECTIONAL CENTER, and another.[1]

Suffolk.  March 19, 1987. — July 16, 1987.

Present: GREANEY, C.J., CUTTER, & SMITH, JJ.

*Imprisonment. Statute*, Construction. *Practice, Criminal*, Sentence. *Controlled Substances.*

General Laws c. 94C, § 32H, inserted by St. 1980, c. 436, § 4, does not
  prohibit the application of statutory "good time" credits to the maximum
  term of a sentence subject to the mandatory minimum provisions of
  G. L. c. 94C, § 32 (*b*), even if the "good time" deduction results in a
  prisoner's release before he has served the mandatory minimum term
  of imprisonment. [483-485]

PETITION filed in the Superior Court Department on August
8, 1986.

The case was heard by *John F. Moriarty*, J.

*John P. Osler* for the petitioner.

*Brian K. Bowen* for the respondents.

SMITH, J. This is an appeal from dismissal by a Superior
Court judge of a petition for a writ of habeas corpus ad sub-
jiciendum. On September 10, 1982, the petitioner was sen-
tenced in the Superior Court in Hampden County on three
indictments charging him with possession of heroin with intent
to distribute. G. L. c. 94C, § 32, as appearing in St. 1980,
c. 436, § 4 (hereinafter "the 1980 Act"). He received three
concurrent five to seven year sentences to be served at M.C.I.,
Walpole, now Cedar Junction. One of those sentences was for
a second or subsequent offense in violation of G. L. c. 94C,
§ 32(*b*). That particular section provided that any person con-

---

[1] The Commissioner of Correction.

victed of violating it shall be punished by a mandatory minimum term of imprisonment of five years in the State prison.[2]

On August 8, 1986, the petitioner brought a petition for a writ of habeas corpus ad subjiciendum seeking to obtain his release from the Northeastern Correctional Center. At the hearing before a Superior Court judge, the petitioner claimed that the respondents had refused to subtract good conduct deductions from the maximum term of his mandatory minimum sentence. He stated that he was entitled to receive such deductions and, therefore, that he should have been discharged from custody on August 6, 1986. The respondents contended that G. L. c. 94C, § 32H, inserted by the 1980 Act, prohibited the application of good conduct deductions to the petitioner's five-year mandatory minimum sentence if such deductions would effect his release in less than five years.[3] The judge agreed with the respondents and dismissed the petition. On appeal, the petitioner contends that the judge committed error in ruling that G. L. c. 94C, § 32H, prohibits the application of good conduct deductions to his maximum sentence in the situation presented here.

---

[2] At the time of sentencing, the petitioner received credit for eighty days of presentence confinement, making his sentence effective as of June 22, 1982.

[3] General Laws c. 94C, 32H, inserted by the 1980 Act, provided:

> "A prosecution commenced under sections 32(*b*) . . . shall not be placed on file or continued without a finding, nor shall any sentence of imprisonment imposed upon any person pursuant to said sections be suspended, reduced, or a term of probation served until the defendant shall have served the mandatory term of imprisonment as authorized in said sections.
>
> "A person convicted of violating the provisions of said sections shall not be eligible for parole, furlough, or work release; provided, however, that the commissioner of correction may, on the recommendation of warden, superintendent, or other person in charge of a correctional institution, grant to said offender a temporary release in the custody of an officer of such institution for the following purposes: to attend the funeral of next of kin or spouse; to visit a critically ill close relative or spouse; or to obtain emergency medical services unavailable at said institutions."

The statute was amended by St. 1982, c. 650, § 14, but that amendment does not affect our decision.

The Legislature has enacted several statutes that permit deductions from sentences of imprisonment. To decide this case we need to consider the applicability of only one type of deduction, that is, "statutory good time" deductions given pursuant to G. L. c. 127, § 129.[4] Under that statute, subject only to certain exceptions, statutory good time deductions are available to every inmate serving a sentence or sentences under which he would be confined for four months or more. Such deductions are awarded for each month of the maximum period of confinement at a rate which rises with the length of confinement. The highest rate of twelve and one-half days per month is applicable to those sentences, such as the petitioner's, which are for a term of four years or more. *Burno* v. *Commissioner of Correction*, 399 Mass. 111, 114 (1987). The deductions are taken from the maximum term of the sentence. Such deductions are received by the prisoner as soon as he begins to serve his sentence. *Ibid.*

General Laws c. 94C, § 32H (see note 2, *supra*), upon which the respondents' argument is grounded, consists of two paragraphs. In its first paragraph it states that no "prosecution commenced under [G. L. c. 94C, § 32(*b*)] . . . shall . . . be placed on file or continued without a finding, nor shall any sentence of imprisonment imposed upon any person pursuant to [G. L. c. 94C, § 32(*b*)] be suspended, *reduced*, or a term of probation served until the defendant shall have served the mandatory term of imprisonment as authorized in [G. L. c. 94C, § 32(*b*)]." (Emphasis supplied.) The second paragraph establishes certain restrictions on the execution of such sentences. It prohibits the prisoner from being eligible for parole, furlough, or work release. There is no specific reference in either paragraph forbidding the application of good conduct deductions to a mandatory minimum sentence imposed as a result of a violation of G. L. c. 94C, § 32(*b*).

The judge, in concluding that the petition must be dismissed, ruled that the language in the first paragraph prohibiting the

---

[4] Deductions from sentences earned under statutory provisions other than § 129 are commonly referred to as "earned good time" deductions. *Burno* v. *Commissioner of Correction*, 399 Mass. 111, 116 (1987).

reduction of a sentence before the prisoner had served the applicable mandatory minimum term, expressed a legislative intent to restrict statutory good conduct deductions in the case of persons in the petitioner's situation. Although the question is a close one, we disagree with the judge's interpretation as to the intent of the Legislature.

The petitioner contends the word "reduction" has created an ambiguity in the statute. He argues that that word does not apply to good conduct deductions at all, but rather to the power of a judge to revise a sentence under Mass.R.Crim.P. 29, 378 Mass. 899 (1979). We agree that, taken in the context of the statute and the statutory scheme of good conduct deductions, there is ambiguity in G. L. c. 94C, § 32H.

"Where the statutory language is unclear, we look to outside sources to determine the meaning of the statute." *Aldoupolis* v. *Commonwealth*, 386 Mass. 260, 264 (1982). The absence of specific language in the statute prohibiting good conduct deductions is striking especially in light of the presence of such language in other statutes. Examination of statutes passed in 1979, 1980, 1981, and 1982[5] which prohibit the reduction of sentences *and* statutory good conduct deductions suggests that when the Legislature has intended to restrict the application of such deductions it has done so in an explicit manner. Thus, in G. L. c. 265, § 15A, as amended by St. 1981, c. 678, § 1, which provides for a mandatory minimum term of two years, the following language appears:

> "Said sentence shall not be reduced until two years of said sentence have been served nor shall the person con-victed be eligible for probation, parole, furlough, work release, or *receive any deduction from his sentence for*

---

[5] The statutes referred to in the text are as follows:

G. L. c. 272, §§ 4A and 4B, inserted by St. 1979, c. 676. G. L. c. 272, § 6, as amended by St. 1980, c. 409. G. L. c. 272, § 7, as appearing in St. 1980, c. 409. G. L. c. 265, §§ 15A, 15B, 18(a), and 19(a), and G. L. c. 266, § 25(a), as amended by St. 1981, c. 678. G. L. c. 90, § 24G, as appearing in St. 1982, c. 373, § 9.

*good conduct until he shall have served two years of such sentence*" (emphasis supplied).

Similar language appears in the other statutes cited in note 5, *supra*. Such language is conspicuously absent from G. L. c. 94C, § 32(*b*), under which the petitioner was sentenced, and from G. L. c. 94C, § 32H.

The legislative history of G. L. c. 94C, §§ 32 to 32H, is also instructive in ascertaining the legislative intent. The several bills upon which the 1980 Act was based contained explicit language prohibiting good conduct deductions from a sentence. See *Opinions of the Justices*, 378 Mass. 822, 823 n.1. (1979). The absence of such language in the final version of § 32H is of significance. "If the omission was intentional, no court can supply it. If the omission was due to inadvertence, an attempt to supply it . . . would be tantamount to adding to a statute a meaning not intended by the Legislature." *Boylston Water Dist.* v. *Tahanto Regional Sch. Dist.*, 353 Mass. 81, 84 (1967).

In sum, we have an ambiguous penal statute to interpret. *Wood* v. *Commissioner of Correction*, 363 Mass. 79, 81 (1973). We must construe it strictly against the Commonwealth. *Commonwealth* v. *Marrone*, 387 Mass. 702, 706 (1982). We hold that G. L. c. 94C, § 32H, inserted by the 1980 Act, does not prohibit the application of statutory good time deductions to the maximum term of a sentence subject to the mandatory minimum provisions of G. L. c. 94C, § 32(*b*), even if the deductions permit a prisoner's discharge before he has served his mandatory minimum sentence.[6] We see nothing in *Commonwealth* v. *Haley*, 23 Mass. App. Ct. 10, 15-22 (1986), that is to the contrary.

Therefore, the judgment entered below is vacated, and a new judgment is to be entered which orders the petitioner's

---

[6] The respondents claim that if the petitioner's arguments are accepted it would render meaningless the word "reduction" in the first sentence. Our only answer is that perhaps the Legislature intended the word to prohibit the sentencing judge or the Appellate Division of the Superior Court from reducing the sentence below the mandatory minimum sentence.

immediate discharge from confinement unless he is subject to an unserved sentence for some other offense.

*So ordered.*