STEPHEN FEBONIO *vs.* SUPERINTENDENT, MASSACHUSETTS COR-
RECTIONAL INSTITUTION, SHIRLEY. No. 95-P-1614. May 9, 1996. *Imprison-
ment,* Good conduct deductions. *Practice, Criminal,* Sentence. *Statute,*
Construction. *Controlled Substances.*

After being convicted of trafficking in violation of G. L. c. 94C,
§ 32E(*b*)(1), and possession with intent to distribute in contravention of
G. L. c. 94C, § 32A(*a*), the petitioner received two consecutive sentences of
from three years to three years and one day on each conviction, with the
trafficking sentence to be served first. The petitioner's trafficking sentence
pursuant to G. L. c. 94C, § 32E(*b*)(1), carries a mandatory minimum three
year term.[1] The petitioner appeals the denial of his petition for a writ of ha-
beas corpus,[2] asserting that statutory good time deductions under G. L.
c. 127, § 129, which accumulated during his incarceration on the traffick-
ing sentence, should be aggregated with those of his from and after sentence
for determining his good time release date.[3] Thus, we are asked to decide
whether a sentence with a mandatory minimum term may be aggregated
with a consecutive sentence for the purposes of determining statutory good
time pursuant to G. L. c. 127, § 129. We answer the question in the affir-
mative, but affirm the judgment below.

Prior to its amendment in 1989, G. L. c. 94C, § 32H, precluded individu-
als convicted of certain drug offenses from being "eligible for probation, pa-
role, furlough, or work release" until they had served the mandatory mini-
mum term of imprisonment established by the applicable sentencing statute.
In *Rodriguez* v. *Superintendent, Northeastern Correctional Center*, 24 Mass.
App. Ct. 481 (1987), we held that § 32H did not prohibit the application
of statutory good time pursuant to G. L. c. 127, § 129, even where such
deductions allowed a prisoner to be discharged before serving the manda-
tory minimum term of imprisonment. *Id.* at 485. In comparing other
statutes, we noted that "when the Legislature has intended to restrict the
application of such deductions it has done so in an explicit manner." *Id.* at

---

[1]Pursuant to G. L. c. 94C, § 32E(*b*), as amended by St. 1988, c. 124:

"(b) Any person who trafficks in a controlled substance defined in clause 4 of
paragraph (*a*) of class B of section thirty-one by knowingly or intentionally
manufacturing, distributing, or dispensing or possessing with inbient to manufacture,
distribute, or dispense or by bringing into the commonwealth a net weight of fourteen
grams or more of a controlled substance as so defined, or a net weight of fourteen
grams or more of any mixture containing a controlled substance so defined shall, if
the net weight of a controlled substance as so defined or any mixture thereof is:

"(1) Fourteen grams or more, but less than twenty-eight grams, be punished by a
term of imprisonment in the state prison for not less than three nor more than fifteen
years. No sentence imposed under the provisions of this clause shall be for less than
a miminum term of imprisonment of three years, and a fine of not less than two
thousand five hundred nor more than twenty-five thousand dollars may be imposed
but not in lieu of the mandatory minimum term of imprisonment, as established
herein."

[2]The petitioner assails the Superior Court's decision that G. L. c. 94C, § 32H,
creates an absolute bar to the receipt of good time credits during the mandatory
minimum period of a sentence thereunder. He argues that the statute's exclusion of
good conduct credits was only intended to prevent prisoners from getting a good
conduct discharge date earlier than their mandatory minimum sentence.

[3]Section 129 was repealed by St. 1993, c. 432, § 10.

484. Since § 32H did not specifically exclude the application of good conduct deductions to mandatory minimum sentences, we resolved any existing ambiguity strictly against the Commonwealth. *Id.* at 484-485.

In the wake of *Rodriguez,* the Legislature amended G. L. c. 94C, § 32H. See St. 1989, c. 415. It explicitly prohibited the receipt of any deduction for good conduct under G. L. c. 127, § 129, during the three year mandatory minimum established by G. L. c. 94C, § 32E.[4] Compare *Lydon* v. *Sheriff of Plymouth County,* 393 Mass. 1002, 1002-1003 (1984) (interpreting firearm statute so as to preclude accumulation of earned good time credit pursuant to G. L. c. 127, § 129D, during mandatory minimum term); *Commonwealth* v. *Haley,* 23 Mass. App. Ct. 10, 17 (1986) (interpreting G. L. c. 90, § 24G(*a*), as a general statement of a desired result with a list of forbidden ways to stymie that result).

Nothing in *Difario* v. *Commissioner of Correction,* 371 Mass. 545 (1976), indicates a contrary result. Rather, the consecutive sentences are to be aggregated for purposes of determining the rate of reduction and a single termination date. See *id.* at 551-552. However, the prisoner does not receive good conduct deductions for the period during which he serves his mandatory minimum. See G. L. c. 94C, §§ 32E and 32H. In the instant case, the prisoner does not begin to accrue good time deductions on his initial sentence until after he has served his three year mandatory minimum. Thus, he is eligible for good time deductions on the remaining one day of his initial sentence and on the three years and one day of his consecutive nonmandatory sentence.

The petitioner also challenges the calculation of his discharge date on equal protection grounds. He claims that he is treated differently than prisoners serving a single sentence with a three-year mandatory minimum. Because the petitioner is not similarly situated, we find no equal protection violation.

*Judgment affirmed.*

*Matthew S. Robinowitz* for the plaintiff.
*William D. Saltzman* for the defendant.

---

[4]"A person convicted of violating any provision of [G. L. c. 94C, § 32E] shall not, until he shall have served the mandatory minimum term of imprisonment established, in [G. L. c. 94C, § 32E], be eligible for probation, parole, furlough, work release, or receive any deduction from his sentence for good conduct under [§§ 129, 129A, 129C and 129D of chapter 127] . . . ." G. L. c. 94C, § 32H, as amended through St. 1989, c. 415.

