COMMONWEALTH *vs.* JUAN JOSE SEVERINO ARAUJO. No. 96-P-613. November 21, 1996. *Practice, Criminal,* Sentence. *Imprisonment,* Credit for time served. *Constitutional Law,* Sentence.

After we affirmed the defendant's conviction of trafficking in cocaine, see *Commonwealth* v. *Araujo,* 38 Mass. App. Ct. 1114 (1995), and his application for further appellate review was denied, see *Commonwealth* v. *Araujo,* 420 Mass. 1103 (1995), he filed a motion to correct the mittimus to obtain credit for 170 days he was held before trial in a New York prison as a fugitive from justice. The defendant had been held in custody in Massachusetts awaiting trial on the trafficking charge when, on September 4, 1991, he escaped. He was arrested the next day in New York on a fugitive warrant and would have been returned to Massachusetts soon but for his decision to contest rendition. Those proceedings lasted until February 14, 1992, when the New York court denied the defendant's petition, clearing the way for his return to Massachusetts. This occurred fourteen days later. In sentencing, the judge, acting pursuant to G. L. c. 127, § 129B, credited the defendant with time spent in custody in Massachusetts awaiting trial but not with the 170-day period spent in custody in New York.

The judge allowed in part the motion to correct the mittimus, giving the defendant credit for the fourteen-day period between the end of the rendition contest and the day Massachusetts authorities collected the defendant and returned him to Massachusetts. That credit is in accord with *Commonwealth* v. *Aquafresca,* 11 Mass. App. Ct. 975, 976-977 (1981), which gave Aquafresca credit for the time spent in custody in Oregon on the Massachusetts charges awaiting return (measured in that case by the time reasonably required to effect the return), and *Chalifoux* v. *Commissioner of Correction,* 375 Mass. 424, 427 (1978), in which Chalifoux was held in Cal-

ifornia, available for immediate return to Massachusetts, but the Massachusetts authorities declined to receive him for an extended period due to prison overcrowding.

The judge correctly declined to give the defendant credit for the balance of the 170 days. Although § 129B generally credits a defendant with time spent in custody awaiting trial, "[n]o Massachusetts statute grants the defendant credit for time spent fighting rendition." *Commonwealth* v. *Beauchamp*, 413 Mass. 60, 62 (1992). Considerations of fairness and equity do not require crediting him with time during which, by his own election, he made himself unavailable for return to Massachusetts. *Id.* at 62, 65. Neither due process nor equal protection require that such credit be given. *Beauchamp* v. *Murphy*, 37 F.3d 700, 704-708 (1st Cir. 1994), cert. denied, 514 U.S. 1019 (1995).

*Order on motion to correct mittimus affirmed.*

*Josephine H. Ross* for the defendant.

*William J. Meade*, Assistant Attorney General, for the Commonwealth.