Zobel, J.
The sole issue is whether petitioner should receive credit on his prior sentence for time spent in Florida’s custody. This Court concludes that he should not.
Petitioner escaped Massachusetts’ custody on October 29, 1984. On February 13, 1985, Florida authorities arrested petitioner on new charges. Petitioner entered a plea and received a Florida sentence of seven and one half years to be served concurrently with his Massachusetts sentence. On September 6, 1985, Florida returned him to Massachusetts’ custody, his ef *326 forts opposing rendition having failed. Petitioner had spent 198 days in Florida’s custody.
Petitioner has no statutory right to credit for time served fighting rendition, Commissioner v. Beauchamp, 413 Mass. 60, 62 (1992). Absent legislative direction, courts normally determine disputes over credit for “foreign” time on a case-by-case basis, guided by principles of fairness and justice, id.; Chalifoux v. Commissioner, 375 Mass. 424, 428 (1978). However, generally, an escape suspends the running of the sentence until the prisoner returns to the institution from which he escaped, Commissioner v. Beauchamp, supra, at 63 (citing Kinney, petitioner, 5 Mass.App.Ct. 457, 459-60 (1977)).
The Supreme Judicial Court, however, on principles of fairness, has expressed reservations about this rule, Chalifoux v. Commissioner, supra, at 427. In that case Massachusetts had refused custody (solely because of prison overcrowding), but had failed to notify the prisoner that it would not credit him with time served outside Massachusetts, Chalifoux v. Commissioner, supra, at 428-29. The Court ordered the Commonwealth to give him this credit, id., at 429.
By contrast, the instant case involves neither lack of notice nor refusal of custody, both of which underlay Chalifoux. Here, Massachusetts began rendition proceedings (of which petitioner had notice), and completed his timely return subsequent to the Florida sentencing. Fairness does not require that Massachusetts credit a prisoner for time spent awaiting trial and sentencing for an offense committed while an escapee.
Moreover, the decision of the Florida court to run petitioner’s Florida sentence concurrent with his Massachusetts sentence does not compel Massachusetts to credit his Florida time. See id., at 428. Massachusetts has no full faith and credit obligation to make its sentence concurrent with Florida's. See id. (citing Nelson v. George, 399 U.S. 224, 229 (1970)).
In addition, allowing credit for time served elsewhere during a Massachusetts escape interval does not seem sound policy. Such a dispensation would allow an escape-status prisoner an election between competing state correctional systems. Commissioner v. Beauchamp, supra, at 65.
ORDER
Accordingly, it is Ordered, that the Petition for a Writ of Habeas Corpus Ad Subjudiciendum be, and the same hereby is, Dismissed.