UNITED STATES of America, Appellee,

v.

Gerald Lee EASTMAN, Appellant.

No. 83–1226.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 17, 1984.

Decided Sept. 27, 1984.

Fred Morrison, Asst. U.S. Atty., Sacramento, Cal., for appellee.

Donald E. Elkins, Provo, Utah, for appellant.

Appeal from the United States District Court for the Eastern District of California.

Before SCHROEDER and NORRIS, Circuit Judges, and STEPHENS, District Judge *.

STEPHENS, District Judge.

Eastman appeals from a district court order denying his motion to reduce his sentence under Federal Rule of Criminal Procedure 35. Appellant contends that the judge considered hearsay in denying his motion and failed to fully consider his arguments at the hearing of the motion. There is no showing that the judge abused his discretion in denying the motion under Rule 35(b).

Gerald Eastman pled guilty to one count of violation of 18 U.S.C. § 2314, transportation of stolen monies known to be taken by fraud, and to two counts of violation of 15 U.S.C. § 77q, fraudulent interstate transactions. He had entered into a plea agreement with the government dated July 15, 1982. It provided for the guilty pleas and obligated Eastman to cooperate completely in pending federal criminal investigations. The agreement required the Assistant United States Attorney to recommend that the judge sentence Eastman to not more than 18 months confinement on all counts. It further provided that the trial judge was not bound by the agreement.

On April 13, 1983, the judge sentenced Eastman to five years imprisonment on one count of 15 U.S.C. § 77q, the maximum sentence provided by law for that count, and suspended the imposition of sentence and provided for five year probationary terms on each of the remaining counts to run concurrently and to commence upon defendant's release from custody on the 15 U.S.C. § 77q violation. The judge ordered that the sentence was to commence and to run consecutively to a California state sentence that had not yet been imposed.

On August 12, 1983, Eastman filed a motion to reduce his sentence pursuant to Federal Rule of Criminal Procedure 35. This motion raised no question concerning the conduct of the sentencing hearing, the matters then taken into consideration or the sentence itself. At the sentencing hearing and at the Rule 35 hearing, the judge considered Eastman's expectation of leniency because of his commitments to aid the government as outlined in the plea agreement. It was abundantly clear that the judge did not accept the plea agreement. However, Eastman indicated his intention to abide by it, clearly hoping that this would be a consideration in favor of leniency. The judge also took into consideration the threat to Eastman's personal safety while in prison, and the hardships of his wife and children.

At the Rule 35 hearing, Eastman relied not only upon his commitments contained in the plea agreement to help the government in a variety of ways, but also upon his performance of these commitments. However, through no fault of his own, one major commitment to testify in aid of the government could not be shown because the case had been continued beyond the date of the Rule 35 hearing and Eastman had not been called upon to testify. So while the judge considered all matters of cooperation which came before him, there was little more in the way of actual proof of that cooperation to consider than what

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

had already been considered at the sentencing hearing.

At the Rule 35 hearing the judge injected a new consideration which had come to his attention after sentence had been imposed. He received information that Eastman had been in Canada one week before sentencing and, while there, he had passed $314,000 worth of bad checks, and had received $170,000 from this activity. Having listened to arguments from counsel for both the government and Eastman, the judge invited both counsel to respond to this information. The Assistant United States Attorney did not comment on the matter except to state that any recommendation of leniency made by his office was on the basis of a plea agreement. Eastman's counsel requested that the judge consider the motion without regard for what might or might not turn out to be a criminal investigation in another country. The judge denied the motion. Eastman now appeals the order denying the motion under 28 U.S.C. § 1291, contending that the judge should have decided the Rule 35 motion without reference to hearsay information not presented as part of Eastman's argument.

██ A motion brought under Rule 35(b) is a plea to the sentencing court for leniency, allowing the district court to decide whether, "on further reflection, the original sentence now seems unduly harsh". *United States v. Smith*, 650 F.2d 206, 208 (9th Cir., 1981) (quoting *United States v. Maynard*, 485 F.2d 247, 248 (9th Cir., 1973)). The motion is addressed to the discretion of the sentencing court. *United States v. Krueger*, 454 F.2d 1154 (9th Cir. 1972).

██ A hearing on a motion for leniency under Rule 35(b) is not required, and a refusal to hold a hearing is not an abuse of discretion by the judge. *United States v. Krueger*, supra. The judge allowed both counsel in this, case to argue the motion before inquiring about the Canadian matter. The fact that consideration of the Canadian situation may have entered into his decision to deny the motion, even if the

information he had received was hearsay, does not constitute an abuse of discretion in denying the motion under Rule 35(b). However, this does not dispose of the question presented by a federal sentence that provides a commencement date after the service of a state sentence not yet imposed.

██ A federal judge is without authority to provide that his sentence of a person in federal custody is to run either consecutively or concurrently with a state sentence. 18 U.S.C. § 4082(a) provides:

"A person convicted of an offense against the United States shall be committed, for such term of imprisonment as the court may direct, to the custody of the Attorney General of the United States, who shall designate the place of confinement where the sentence shall be served."

Eastman was in federal custody and apparently was taken by the United States Marshal for transportation to whatever place the Attorney General designated for service of his sentence. At this point Eastman commenced the service of his sentence under 18 U.S.C. § 3568, which provides:

"The sentence of imprisonment of any person convicted of an offense shall commence to run from the date on which such person is received at the penitentiary, reformatory, or jail for service of such sentence. . . .

\* \* \* \* \* \*

No sentence shall prescribe any other method of computing the term."

██ Eastman's handling by the federal authorities has been in full accord with the federal law. Nothing has happened to him which should not have happened. The error which this court notes in the sentence imposed is to be found in the provision for commencement of the sentence, which reads:

"It is ordered that the sentence is to run consecutively to any sentence that the defendant receives from the State of California."

This provision is contrary to the law and therefore error. Eastman commenced serving his sentence promptly upon delivery to the federal penitentiary under 18 U.S.C. § 3568. According to the sentence the judge imposed, the sentence technically might never commence to run. Deletion of this provision of the sentence would eliminate the error.

Federal Rule of Criminal Procedure 52(b) allows an appellate court to take note of "plain errors or defects affecting substantial rights" although they are not brought to the attention of the court by the parties. The provision in the sentence noted as erroneous is prejudicial to Eastman because it creates uncertainty and ambiguity which may in the future result in problems in calculation of service of his sentence.

The case is remanded to permit the trial judge to resentence Eastman in a manner in conformity with this opinion.