Houston, J.
Plaintiff Samuel G. Thomas (“plaintiff’) seeks a preliminary injunction directing the defendants to refrain from failing to credit him with time allegedly served on parole from his Massachusetts sentences in the State of Washington. For the following reasons, plaintiff Samuel George Thomas’s motion for a preliminary injunction is ALLOWED.
FINDINGS OF FACT
Having heard arguments and reviewed the submissions of both parties, I make the following findings of fact:
1. On October24,1974, plaintiff was sentenced in the Hampden Superior Court to a term of six to twelve years for armed robbery, with three concurrent six- to twelve-year sentences imposed the same day. Plaintiff was credited with twenty days of jail time, making his sen *349 tence effective date October 4, 1974 (Hampden County Superior Court Mittimus, Exhibit A, Plaintiffs Complaint).
2. On June 7, 1978, plaintiff was paroled from his Massachusetts sentence. At the time he was given a parole discharge date of April 1, 1985.
3. On November 25, 1980, plaintiff moved to the state of Washington without the permission of his parole officer. However, he contacted his Massachusetts parole officer and Washington State Parole Officer Calvin Sneed (“Officer Sneed”) on November 26, 1980 (Massachusetts Parole Board Internal Notes). The Massachusetts Parole Board (“Parole Board”) initiated proceedings requesting Washington State to supervise plaintiff (Massachusetts Department of Parole Investigation Request).
4. Washington State parole officers informed the Parole Board that plaintiff was not living at the address he provided to his Massachusetts parole officer, nor was he employed at the site he provided. At this time, Washington State informed the Parole Board that it had not accepted supervision ofThomas. Based on this information, on May 5, 1981, a Massachusetts Parole Board violation warrant issued. Despite the warrant, however, Massachusetts authorities did not extradite Thomas to Massachusetts for revocation of his parole.
5. In March 1987, the Parole Board learned that plaintiffwas incarcerated in Washington on new criminal charges. Although the Parole Board informed Washington that it would extradite plaintiff on parole violation charges, no action was taken against him at that time.
6. On September 16, 1992, the Parole Board learned that plaintiff was in custody in Washington on new criminal charges. The Parole Board informed Washington that Thomas would be extradited. Thomas was returned to Massachusetts on March 17, 1993, and incarcerated at MCI-Concord. After a final revocation hearing on May 11, 1993, the Parole Board voted to affirm revocation and deny parole release.
RULINGS OF LAW
In Massachusetts, in evaluating a request for a preliminary injunction, “the judge initially evaluates in combination the moving party’s claim of injury and chances of success on the merits.” Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980). The Court should consider irreparable harm, specifically those injuries “not capable of vindication by a final judgment.” Id. at 617, n. 11.
Clearly plaintiff has suffered great harm due to his reincarceration on March 17,1993, for a six- to twelve-year sentence imposed in 1974. Plaintiffs incarceration and resulting loss of liberty constitute irreparable harm. The court next must determine plaintiffs likelihood of success on the merits.
Massachusetts General Laws, chapter 127, provides the statutoiy framework for parole granting and revocation. Section 149 deals with revocation and arrest upon parole violation and directs in part that “service of the parole violation warrant shall be made effective forthwith upon the arrest and imprisonment of the parole violator . . .” G.L.c. 127, §149. This language indicates a clear legislative concern for administrative diligence that comports with due process. The due process clause of the Fourteenth Amendment requires that action by a state through any of its agencies must be consistent with the fundamental principles of liberty and justice. Buchwalter v. People of the State of New York, 319 U.S. 427, 463 (1943). Typically in cases involving awarding of credit for time served in a state other than the sentencing state, the Supreme Judicial Court has been guided by considerations of fairness and justice. Commonwealth v. Beauchamp, 413 Mass. 60, 62 (1992); Brown v. Commissioner of Correction, 336 Mass. 718, 721 (1958).
Courts have relied on a number of due process theories for invalidating old parole warrants. Chalifoux v. Commissioner of Correction, 375 Mass. 424, 428 (1978) (due process requires credit for time served in California where Massachusetts declined to receive prisoner on transfer and declined to credit him with time served on a concurrent sentence); Shields v. Beto, 379 F.2d 1003, 1006 (5th Cir. 1967) (state may forfeit its right to have a parolee serve out the balance of his sentence if the state demonstrated “gross disinterest” in him); United States v. Gernie, 288 F.Supp. 329 (S.D.N.Y. 1964) (parole board’s dilatory behavior in executing parole violation warrant resulted in a waiver of the violation and loss of jurisdiction); Colin v. Bannon, 337 Mich. 491 (1953) (state violated due process rights by failing to take the prisoner into custody in a timely manner when the prisoner’s whereabouts were known).
Under the specific facts of this case, the court finds that due process considerations require that plaintiff be credited with time spent in Washington with the knowledge and implied consent of the Parole Board and thus his Massachusetts sentence has expired. The record reflects that plaintiff did contact parole authorities in Washington and Massachusetts upon his arrival in Washington. Furthermore, on at least two occasions in 1981 and 1987, Washington parole authorities contacted Massachusetts offering to supervise plaintiff or transfer him to Massachusetts pursuant to the Massachusetts Parole Board warrant. On both of these occasions, Massachusetts declined to exercise its rights and did not in fact take custody of plaintiff until 1992, eleven years after the parole violation warrant issued. The court concludes that it is unfair for Massachusetts to refuse to receive a prisoner on transfer or fail to extradite to execute a violation warrant, and then decline to credit him with time served elsewhere. See Royce v. Petitioner, 28 Mass.App.Ct. 397 (1990); Chalifoux, supra, at 429.
At the time of plaintiffs parole in 1978, he was given a parole discharge date of April 1,1985, indicating that *350 he had 2,489 days remaining to serve. For approximately two years plaintiff resided in Massachusetts without incident, thereby reducing the days remaining to be served by approximately 770. Even if plaintiff is not credited with time he initially spent in Washington because he moved without his parole officer's permission, he should be given credit for time in Washington after his arrest in March of 1987. Washington authorities initiated extradition proceedings in 1987 but Massachusetts indicated that it did not wish to pursue the extradition. From that point on, plaintiffs whereabouts were known to Washington authorities and could have been known to Massachusetts authorities had the Parole Board wished to extradite him. Massachusetts did not begin extradition proceedings against the plaintiff until November 1992, approximately 2,000 days after the Parole Board originally had the opportunity to extradite plaintiff. Therefore, the court finds that due process considerations require that plaintiff should be given credit for some of the time spent in Washington and that once awarded this credit, plaintiffs sentence would be expired. Accordingly, plaintiffs motion for a preliminary injunction will be ALLOWED.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiff Samuel George Thomas’s motion for a preliminary injunction is hereby ALLOWED, and that Samuel George Thomas shall be released from incarceration.