Garsh, J.
Plaintiff Darrell Bompastore (“Bompastore”) brought this action for declaratory and injunctive relief, seeking that his pre-escape and post-escape state prison sentences be considered to have rim concurrently, and that he be released from prison. This court granted a preliminary injunction releasing Bompastore pending further proceedings. Bompastore and defendant Larry DuBois, Commissioner of the Massachusetts Department of Correction (the “Commissioner”), filed cross-motions for summary judgment under Mass.R.Civ.P. 56(c). For the reasons discussed below, Bompastore’s motion is ALLOWED and the Commissioner’s motion is DENIED.
BACKGROUND
The following facts are undisputed. On October 19, 1981, Bompastore received three concurrent five-year sentences to Massachusetts Correctional Institution (“MCI”) Concord. On April 10, 1983, Bompastore escaped from the Warwick Prison Camp. He was arrested on May 31, 1983, and confined, primarily in the Charles Street Jail, awaiting trial for a manslaughter committed while on escape.
On January 24, 1984, Bompastore received a sentence of eighteen to twenty years for the crime committed while on escape. The sentencing judge did not specify whether the sentence was to run consecutively to or concurrently with the Concord sentence.
After sentencing, Bompastore was transferred to MCI Walpole. It was the practice of the Department of Correction to provide a warrant sheet, but Bompastore believes that he did not receive it until several months later. The warrant sheet stated that the balance of the Concord sentence was “to be served.” On November 11, 1984, and approximately twice a year thereafter, Bompastore appeared before the Department of Correction’s Classification Board. The Key Issues sheets prepared by the Board, and provided to Bompastore, stated that the balance of his Concord sentence was “outstanding.”
Bompastore believed that his Concord sentences were absorbed into the eighteen-to-twenfy-year sentence, and that the remainder would be served concurrent with the new sentence. At some point in 1986 or 1987, a “jail-house lawyer” advised Bompastore that the Department of Correction would make him serve the balance of the Concord sentences after he had completed the Walpole sentence. In 1987 or 1988, the records supervisor at MCI-Walpole informed Bompastore that his Concord sentences were to be served from and after the Walpole sentence.
On or about August 11, 1989, in response to a request from Bompastore for clarification, the Department of Correction informed him that he was still on escape status with respect to the Concord sentences. The Department also informed Bompastore that he was required to complete the eighteen-to-twenty-year sentence before resuming service of the Concord sentences.
Bompastore was discharged from the Walpole sentence on September 28, 1993 to serve the balance of the Concord sentences. The Department of Correction has calculated the discharge date of the Concord sentences as September 10, 1995. If Bompastore had resumed service of the Concord sentences upon his return to the custody of the Department of Correction on January 24, 1984, the Concord sentences would have expired no later than January 5, 1986.
DISCUSSION
The standard for summary judgment is well known. The law governing disputes over sentencing is not as well defined. Where, as here, no statute controls, “considerations of fairness and a proper sense of justice” govern. Chalifoux v. Commissioner of Correction, 375 Mass. 424, 427 (1978). Sentences not expressly ordered to be served consecutively are ordinarily regarded as concurrent. Louis F. Royce, Petitioner, 28 Mass.App.Ct. 397, 403 (1990), citing Henschel v. Commissioner of Correction, 368 Mass. 130, 133 (1975).
Applying these principles, the Court in Royce held that “fairness requires that, at least from the time [petitioner] was returned to the custody of the Massachusetts Department of Correction under the new State prison sentences, none of which was expressly imposed to be served from and after the unexpired portion of the [pre-escape] State prison sentence, he be deemed to have been in custody on the sentence from which he escaped.” Id. at 401. There are no significant differences between Bompastore and the petitioner in Royce that would warrant a different result here.
*20 Neither petitioner was promptly notified of the Commonwealth’s intention regarding service of the pre-escape sentence. Both suffered the exact same prejudice — deprivation of the opportunity to have the sentencing judge order the new sentence to be concurrent with the remaining portion of the first sentence. Bompastore “cannot be faulted for failing to bring the matter up himself before the sentencing judge[ ].” Id. Nothing the Commonwealth did put him on notice, at the time of sentencing, that he would be required to serve the remainder of his pre-escape sentences after completion of the new sentence.[1] Nor was Bompastore advised of the Commonwealth’s intention within the sixty-day period he had, pursuant to Mass.R.Crim.P. 29(a), to move to revise or revoke the 1984 sentence.
In Royce, the delay was four years. Here, it was three or four years before Bompastore was told by the records supervisor at MCI Walpole that he would be required to complete the pre-escape sentences after completion of the 1984 sentence.
Provision of the warrant sheet and the Key Issues sheets does not mandate a different result. These documents do not indicate an intent by the Commonwealth to require that the remainder of the pre-escape and post-escape sentences be served consecutively. The warrant sheet simply states “Balance of Criminal Sentence to be Served” and the Key Issues sheet describes the pre-escape sentence as “outstanding.” If the 1984 sentence were to be concurrent with the pre-escape sentences, the 1981 sentences would not have expired until January 5, 1986. Before that date, therefore, the balance of the pre-escape sentences would have had “to be served" and they would have been “outstanding.” Accordingly, before January of 1986, Bompastore could not reasonably have been expected to know from these documents that he would be required to serve the remainder of the 1981 sentences. Although, as an escapee, Bompastore’s rights may have been limited,
he had the right, at a minimum, to expect some reasonable degree of promptness in informing him of the Commonwealth’s intention regarding service of the pre-escape sentence . . . Failure to require that the Commonwealth act with reasonable promptness in such circumstances would serve to defeat the worthwhile goal of providing prison inmates and prison authorities with some level of certainty as to the likely period of confinement, and it would create the potential for arbitrariness and caprice.
Id. (citation omitted).
Even if, from the outset, the warrant sheet and Key Issues sheet had been clear as to the Commonwealth’s intent — and they were not — Bompastore received neither reasonably promptly, and he was prejudiced by the delay. The first Key Issues sheet was not provided until November 1984, ten months after the second sentence was imposed, at which time it was too late for Bompastore to file a motion to revise and revoke. Bompastore does not recall receiving the warrant sheet until several months after his placement at MCI Walpole.
The Commissioner’s argument that Henry Kinney, Petitioner, 5 Mass.App.Ct. 457 (1977), and not Royce controls is not persuasive. The petitioner in Kinney escaped from state prison and was returned to the custody of the county sheriff on a new house of correction sentence. Kinney, supra, at 458. The Court held that the petitioner could not be deemed to have been in state custody serving his state prison sentence when, in fact, he was in county custody. Id. at 459-60. The Court in Royce expressly declined to follow Kinney where the escapee’s original and subsequent sentences both were served in state prison. Royce, supra, at 402 n.3. Bompastore, like the petitioner in Royce, escaped from and was sentenced again to state prison. “[H]e remained an escapee from the State sentence until brought back within the custody of the Massachusetts Department of Correction.” Id. at 400.[2]
In sum, fairness requires that from the time Bompastore was returned to the custody of the Massachusetts Department of Correction under the 1984 state prison sentence, none of which was expressly imposed to be served from and after the unexpired portion of the 1981 state prison sentences, he be deemed to have been in custody on the sentences from which he escaped. Because the remainder of his original sentences, if served concurrently, would have expired no later than January 5, 1986, Bompastore need serve no further time.
ORDER
For the foregoing reasons, it is hereby ORDERED that plaintiffs motion for summary judgment is ALLOWED and defendant’s cross-motion for summary judgment is DENIED. It is further DECLARED and ADJUDGED that plaintiffs three concurrent five-year sentences to MCI-Concord, which were imposed on October 19, 1981, expired no later than January 5, 1986.

The issue for this court is not what is good public policy. No regulation has been promulgated by the Department of Correction to the effect that, in the absence of contrary action by a sentencing judge, service of a pre-escape sentence does not begin until the expiration of any additional sentence for crimes committed while on escape. With respect to sentences for crimes committed while on parole, the Legislature has enacted such a general rule. See G.L.c. 127, §149.

Nhe Commissioner also argues that Kinney is more persuasive because it is not a “mistaken release” case. Bompastore, like the petitioner in Kinney, escaped. However, Royce also is not a mistaken release case. After escaping from a state sentence, the petitioner in Royce had been incarcerated on a federal charge. No state retainer was on file at the expiration of the federal sentence. Federal authorities properly paroled him at the end of his term. Royce, supra, at 398-99.