The background facts are uncontroverted: The plaintiff received three *868 concurrent sentences on March 4, 1991, the longest of which was from five to seven years for burglary. He was paroled on June 2, 1992, but arrested on new charges of breaking and entering and larceny from a building on September 27, 1993. He failed to make bail on the new charges. On October 18, 1993, a parole violation warrant was lodged as a detainer. The plaintiff was incarcerated for 252 days from the date of the detainer until he entered a plea of guilty on the new charges on June 28, 1994. He then received concurrent three to five year suspended sentences with three years of probation to be served from and after the sentences he had been serving. On June 28, 1994, he was returned to the custody of the Department of Correction to serve the remainder of his original sentence.
In his decision, the judge who denied the preliminary injunction request stated:
“Since Watts was convicted of further crimes while on parole and given ‘additional sentences,’ an at least plausible reading of the statute[2] is that the service of the parole violation warrant was not effective ‘until the expiration of any additional sentences’.... As Watts received suspended sentences and ‘from and after’ probation on [the date he pleaded guilty to the new charges] it was not until that date that Watts’ parole violation warrant was effective, so that he could recommence serving his original sentence. The statute further states that ‘[t]he time between the day after the issuance of the parole violator warrant until the service of said warrant shall not be considered as any part of his original sentence,’ so that, under at least one plausible reading of the statute, Watts cannot credit the time he spent in confinement towards his original sentence in these circumstances.”
We agree with this reasoning. When a parolee is returned to prison to resume serving his original sentence after revocation of parole, only the time between the day after issuance of the parole violator warrant and service of the warrant, which “shall be made effective forthwith upon arrest and imprisonment,” is not credited against the original sentence (see note 2, infra). When a parolee is convicted of a new crime, however, the statute *869 provides that the parole violation warrant is not effective “untff the expiration of any additional sentences,” thereby excluding all preconviction time served on the new charges from a computation of the length of the original sentence (see note 2, infra). Not applicable in the present case are the statutory provisions for credit for preconviction time served against the original sentence if (1) the parolee is found not guilty of the additional charged crimes, or (2) if the new charges are disposed of without a finding of guilt. Thus, the statute provides for a “wait and see” period before determining whether preconviction time served on new charges may be credited against the original sentence.
The case was submitted on briefs.
Barry Barkow for the plaintiff.
Djuna E. Perkins, Assistant Attorney General, for the defendant.
When the plaintiff’s “from and after” sentences on the new crimes were suspended, the plain language of the statute made the effective date of service of the parole violation warrant the same date as his guilty pleas because he was, in effect, convicted of crimes on that day, and the sentences which were imposed on those convictions effectively expired as a result of their suspension on the same day. Cf. Zullo, petitioner, 420 Mass. 872, 874 (1995). Notwithstanding that the plaintiff may not receive credit for his preconviction confinement in view of his sentences being suspended, that confinement may have been a factor in the judge’s decision to suspend the sentences and, therefore, does not constitute “dead time.” In any event, the 252 days are not inevitably lost to the plaintiff because he would become entitled to a credit for them in the event he were to be imprisoned for a probation violation with respect to his suspended sentences on the new crimes. See G. L. c. 279, § 33A.
The record indicates that the time served by the plaintiff prior to his guilty pleas was not the result of any action by the defendants, but was the result of his failure to make bail. For this reason, we conclude that summary judgment properly was granted for the defendants and that the plaintiff’s claims of constitutional violation are without merit.
The plaintiff was released from prison during the course of this appeal. We do not, however, address the Commonwealth’s suggestion of mootness because of the plaintiff’s apparent reliance on a claim for damages pursuant to 42 U.S.C. §§ 1983 and 1988 (1992), and because this controversy over preconviction time served “can be said to be one ‘capable of repetition, yet evading review,’ ” Diafario v. Commissioner of Correction, 371 Mass. 545, 553 (1976).

Judgment affirmed.

 General Laws c. 127, § 149, as appearing in St. 1986, c. 327, states in relevant part: “If a permit to be at liberty has been revoked, the parole board may order the arrest of the holder of such permit . . . and order the return of such holder to the prison or jail to which he was originally sentenced [and he] shall be detained therein according to the terms of his original sentence. In computing the period of his confinement .... [t]he time between the day after the issuance of the parole violator warrant until the service of said warrant shall not be considered as any part of the term of his original sentence. Service of the parole violation warrant shall be made effective forthwith upon arrest and imprisonment. . . unless he is convicted of commission of a crime ... [in which event] service of said parole violation warrant shall not be effective until the expiration of any additional sentences by parole or otherwise. If the parolee is found not guilty of the additional crimes charged . . . then service of the warrant . . . shall be made effective on the date of this issuance of said warrant and the time served . . . shall be considered as part of the original sentence. If the disposition of the new criminal charges ... is without a finding of guilt, the parole board may retroactively serve the parole violation warrant.”