Brassard, J.
This matter comes before the court on the defendant’s motion under Mass.R.Crim.R 30(a) to correct the sentence which he is now serving. The defendant, who is presently incarcerated at the Massachusetts Correctional Institution at Concord, argues that he is being unlawfully held on a sentence which he has already fully served, and that justice and fairness require his immediate release. Both the Commonwealth and the Department of Correction oppose the motion. After a careful review of the record and an evidentiary hearing, the defendant’s motion is DENIED.
BACKGROUND
Factual Background
On December 6, 1976, the defendant, Arthur Cinelli (“Cinelli”) was convicted of four counts of Armed Robbery in Suffolk Superior Court. On December 12, 1976, Cinelli was sentenced to serve four concurrent terms of twenty years at the state reformatory, Massachusetts Correctional Institution at Concord (“Concord sentence”). On June 28, 1978, Cinelli was paroled *152 after having served less than two years on this sentence.
On May 2, 1981, Cinelli was arrested for committing four new offenses while on parole: Armed Robbery, Armed Assault in a Dwelling, Assault and Battery by Means of a Dangerous Weapon, and Possession of a Dangerous Weapon (“Walpole charges”). Cinelli was held in lieu of bail while awaiting trial on these charges. Eighteen days later, on May 20, 1981, the Parole Board (“the Board”) revoked Cinelli’s parole, and a warrant for the outstanding balance of the Concord sentence was lodged against him as a detainer.
On October 28, 1981, Cinelli was sentenced to serve 20-25 years at MCI-Walpole on the new Armed Robbery charge, and lesser concurrent terms on the other three charges (“Walpole sentence”).[1] Upon receiving his Walpole sentence, Cinelli was credited with 174 days for time served while awaiting trial on the 1981 charges.
While Cinelli was serving the Walpole sentence, the Department of Corrections (“DOC”) noted on a classification form dated October 11, 1991, that it would consider “lifting the [parole] warrant only if inmate receives favorable decision to be moved to lower security.” On January 29, 1992, Cinelli was returned to parole status on the Concord sentence.[2] Accordingly, on February 14, 1992, Cinelli was transferred to MCI-Shirley minimum.
On April 28, 1993, following his escape from and return to MCI-Shirley, Cinelli’s parole on the Concord sentence was revoked and a warrant was lodged again as a detainer. On June 30, 1993, the parole violation warrant was again withdrawn, and Cinelli was returned to parole status on the Concord sentence.
Cinelli was discharged on May 3, 1994 after serving approximately 14 years on the Walpole sentence. Thus, Cinelli was “on the street” but remained on parole on the Concord sentence.
On September 3, 1994, Cinelli was returned to custody on the Concord sentence for violating his parole. On December 11, 1995, Cinelli was again paroled on the Concord sentence. After he associated with a known felon in violation of his parole, Cinelli’s parole was revoked on May 13, 1996, and on July 1, 2000, he was returned to custody at MCI-Concord.
Procedural Background
The present motion was filed on January 22, 2001. Cinelli initially argued that the Court should correct the sentence which he is now serving pursuant to Mass.R.Crim.P. 30(a) because the Walpole sentence imposed on October 28, 1981 was imposed “forthwith” and thus terminated the prior Concord sentence.[3] According to Cinelli, the Walpole sentence “wiped out” the Concord sentence, and both sentences were discharged on May 3, 1994. In support of his motion, Cinelli submitted an affidavit of Edward J. McCormick, III, the attorney who represented him during the armed robbery trial in 1981, and who continues to do so on this motion.
On March 27, 2001, this Court held an evidentiary hearing to determine whether the Walpole sentence was imposed “forthwith.” After hearing credible testimony from Attorney McCormick as to his recollection of the 1981 sentencing hearing, the Court nonetheless made a formal finding of fact that the Walpole sentence was not imposed forthwith.[4] In so doing, the Court noted that neither the mittmus nor the docket sheet indicated that the Walpole sentence was imposed forthwith, and thus, there was no documentary evidence to support Cinelli’s claim.[5]
DISCUSSION
Cinelli now argues that, notwithstanding the Court’s finding that the Walpole sentence was not imposed forthwith, he is being unlawfully imprisoned because (1) the Concord and Walpole sentences ran concurrently; (2) the Board violated his due process rights when it revoked his parole on the Concord sentence in 1981 without a hearing; and (3) the interests of fairness and justice mandate his immediate release. In opposition, the Commonwealth and DOC argue that the Walpole sentence was properly served as an intervening sentence under G.L.c. 127, §149, and was treated as such by Cinelli, the Board and DOC.[6]
I. Application of G.L.c. 127, §149
The first issue for resolution is whether G.L.c. 127, §149 is applicable here. According to the DOC, under that statute, the Walpole sentence was served as an intervening sentence, and the Concord sentence was suspended until the Walpole sentence was discharged. Cinelli challenges this contention, and argues that a sentence intervenes under the statute only when a parole violator is convicted of committing a new offense. He argues that because he was not yet convicted of the new offenses on May 20, 1981, when his parole was revoked, the Board was required to serve him with the parole revocation warrant on that day. According to Cinelli’s argument, because the Board failed to do so, his parole was never revoked, and therefore, the time he has been serving since his Walpole arrest applies against both the Concord and Walpole sentences.
General Law c. 127, §149 states in pertinent part,
If a permit to be at liberty has been revoked, the parole board may order the arrest of the holder of such permit by any officer qualified to serve civil or criminal process in any county, and order the return of such holder to the prison or jail to which he was originally sentenced. A prisoner who has been so returned to prison or jail shall be detained therein according to the terms of his original sentence. In computing the period of his confinement, the time between the day of his release upon a *153 parole permit and the day of issuance of a parole violation warrant shall be considered as part of the term of his original sentence. The time between the day after the issuance of the parole violation warrant until the service of said warrant shall not be considered as any part of the term of his original sentence. Service of the parole violation warrant shall be made effective forthwith upon arrest and imprisonment of the parole violator unless he is convicted of commission of a crime or found guilty of violating the conditions of federal or another state’s parole or probation, then service of said parole violation warrant shall not be effective until the expiration of any additional sentences by parole or otherwise. If the parolee is found not guilty of the additional crimes charged or not guilty of violating the conditions of parole or probation then service of the warrant on the parolee shall be made effective on the date of the issuance of said warrant and the time served by him as a result of the’parole violation warrant lodged as a detainer shall be considered as part of the original sentence . . . (Emphasis added.)
Under the statute, the time between the day after issuance of the parole violation warrant and service of the warrant is not credited against the original sentence. Further, when a parolee is convicted of a new crime, service of the parole violation warrant is not effective until “the expiration of any additional sentences by parole or otherwise.” Zullo, petitioner, 420 Mass. 872, 874 (1995); see also Harding v. State Board of Parole, 307 Mass. 217(1940) (prisoner whose parole had been revoked and upon whom there had been imposed, on a new charge, a sentence to confinement, was required to remain in confinement under the first sentence upon the termination of the second sentence); Kleczka v. Commonwealth, 350 Mass. 74, 75 (1966) (Board committed no error when it issued, but did not serve, a warrant revoking parole when the parolee was confined for an offense committed subsequent to his release on parole).
If a prisoner furnishes bail on the new charges or is released on his own recognizance, then the Board can serve a parole revocation warrant and return the prisoner to custody as a parole violator. Under these circumstances, time served is credited against the original sentence. Thus, in Commonwealth v. Stow, 50 Mass.App.Ct. 1116 (2001), the Appeals Court held that the time a prisoner served after being returned to custody on a parole revocation following the commission of a crime while on parole, was not time spent awaiting trial, but rather time spent as a parole violator for the original offense. In that case, the parole violation warrant was not lodged as a detainer, as required under G.L.c. 127, §149, presumably because the prisoner was not held in lieu of bail. The Board was therefore able to serve the parole revocation warrant and return the prisoner to custody to serve the balance of the original sentence. Accordingly, the prisoner was only credited with time served as a pretrial detainee from the date of his arrest until the date of service of the parole warrant. Thereafter, from the date of service of the parole warrant, the time served by the prisoner was credited to the original offense. See also Harkey v. Superintendent, MCI-Noifolk, 356 Mass. 715, 722 (1969) (prisoner who was returned to custody to serve balance of original sentence after committing new offense while on parole was not “awaiting trial” but confined under original sentence by reason of parole violation).
In contrast, if a parole violator is held in lieu of bail on new charges, then the parole violation warrant is lodged as a detainer behind bail and may not be served until and unless the court lifts bail or the parole violator posts bail. See Guppy v. Coalter, 1998 WL 670048 *6 (Mass.Sup. 1998). Under the statute, in order for the preconviction time served on the new charges to apply against the original sentence, the parolee must be found not guilty of the additional charged crimes, or the new charges must be disposed of without a finding of guilt. It thus follows that all pre-and post-conviction time served on the new charges for which there is a finding of guilt is excluded from a computation of the length of the original sentence. Watts v. Comm'r of Correction, 42 Mass.App.Ct. 951 (1997).
In Watts, a prisoner on parole was arrested and held on new charges when he failed to make bail. As required by the statute, a parole violation warrant that issued shortly after his arrest was lodged as a detainer. The prisoner was incarcerated for 252 days from the date of the detainer until the date that he plead guilty on the new charges, received suspended sentences, and was placed on probation. The Appeals Court rejected the prisoner’s argument that the 252 days spent awaiting conviction and sentencing should be credited towards the prior sentence to avoid such time constituting dead time. The Court reasoned that:
Since [the prisoner] was convicted of further crimes while on parole and given “additional sentences,” an at least plausible reading of the statute is that the service of the parole violation warrant was not effective “until the expiration of any additional sentences . . .” As [prisoner] received suspended sentences and “from and after” probation, it was not until that date that [the prisoner’s] violation warrant was effective, so that he could recommence serving his original sentence.
According to the Court, because the prisoner “would become entitled to a credit for [the 252 days] in the event he were to be imprisoned for a probation violation with respect to his suspended sentences on the new crimes,” the 252 days did not amount to dead time, and therefore, he was properly precluded from crediting the time towards his original sentence. See also Commonwealth v. McGarty, 351 Mass. 707 (1967) (parole board committed no error when it revoked *154 parole as of date defendant committed alleged offenses while on parole and lodged those warrants at jail where prisoner was confined); Guppy v. Coalter, 1998 WL 670048 *5 (Mass.Sup. 1998) (because “bail stood as an impediment to the service of his parole violation warrant," defendant was not entitled to credit against original sentence for time held in jail for failure to furnish bail on charges stemming from new offense).
Under these authorities, Cinelli’s contention that G.L.c. 127, §149 should not be read to anticipate a conviction is without merit. The statute’s unambiguous language is to the contrary. The provisions providing for preconviction time to be credited against the original sentence in the event the parolee is found not guilty of the additional charged crimes or if the new charges are disposed of without a finding of guilt, evidence the statute’s anticipatory application. Thus, “the statute provides a ‘wait and see’ period before determining whether preconvicton time served on new charges may he credited against the original sentence.” Watts, 42 Mass.App.Ct. at 953.
General Law c. 127, §149 applies here. Accordingly, when the Board issued the parole violation warrant on May 20, 1981, Cinelli ceased serving his Concord sentence. Cinelli was held in lieu of bail on the Walpole charges, and therefore the Board was precluded from serving its warrant until the expiration of the intervening Walpole sentence. Thus, the Board properly lodged the parole warrant on the Concord sentence as a detainer.
Cinelli was convicted of the Walpole charges and therefore the statutory provisions for credit for preconviction time served against the original sentence are not implicated. Thus, the Court rules that the time Cinelli spent incarcerated from the date of his arrest on May 2, 1981 until May 3, 1994, when he was discharged on the Walpole sentence, was time spent largely in satisfaction of the Walpole sentence. Cinelli did not serve the Concord and Walpole sentences concurrently.[7]
Furthermore, Cinelli’s contention that G.L.c. 127, §149 does not apply because the Board violated the statute when it paroled and revoked parole as to the Concord sentence while Cinelli was serving the Walpole sentence, is without merit. At times, the Board’s actions effectively returned him to parole status, giving Cinelli the opportunity to receive credit for the Concord sentence while serving the Walpole sentence. Thus, the effect of the Board’s actions was not a detriment to Cinelli, but rather a benefit.
For these reasons, the Court DENIES Cinelli’s motion to correct the sentence which he is now serving on the asserted ground that the Walpole and Concord sentences were served concurrently.
II. Due Process Violations
Next, Cinelli argues that even if the Walpole and Concord sentences were not served concurrently, he should still be released from prison because the Board violated his due process rights. At oral argument, and without filing any supporting affidavit or memorandum, see Mass.R.Crim.P. 30(c)(3),[8] Cinelli relied on Morrissey v. Brewer, 408 U.S. 471 (1972), to contend that because the Board did not afford him a hearing on May 20, 1981 when it revoked his parole on the Concord sentence, he was denied an opportunity to present mitigating evidence in violation of his constitutional rights.
The Supreme Court held in Morrissey that a paroled person, by virtue of the due process clause, is entitled to certain limited rights including notice and hearing in the conduct of a proceeding to revoke parole. Then, in Moody v. Daggett, 429 U.S. 78 (1976), the Court held that a federal parolee who is imprisoned for a crime committed while on parole is not constitutionally entitled to a prompt parole revocation hearing when a parole violator warrant is issued and lodged as a detainer but not served on him. Id. at 79. The Court reasoned, “With onlyaprospect offutureincarceration which is far from certain, we cannot say that the parole violator warrant has any present or inevitable effect upon the liberty interests which Morrissey sought to protect.” Id. at 87.
The Appeals Court in Smith v. State Parole Board, 17 Mass.App.Ct. 145, 151 (1984), adopted the general rule announced in Moody that “there is no constitutional right to a prompt parole revocation hearing when the parolee is serving an independent intervening sentence in the same jurisdiction.” In Smith, the Court held that a parolee’s due process rights were not violated by the Board when, because of his commitment to a treatment center as a sexually dangerous person for a crime committed while on parole, the Board, pursuant to G.L.c. 127, §149, delayed execution of a parole revocation warrant until the parolee’s release from the center. In so doing, the Court stated in pertinent part,
If early hearing were accorded, and parole revoked, it would not necessarily follow (as plaintiff seems to suggest) that service of the second sentence would operate also on the first, for the State may in some, perhaps many, cases assert its interest in maintaining a system of constraints in which violation of parole is treated as a distinct offense and is separately sanctioned through reinstating the relevant sentence.
Id. at 152-53. Nonetheless, the Court did recognize that certain situations may exist warranting deviation from the Moody rule, e.g., protection against risk of loss of evidence usable in defense against revocation; loss of rights to amenities in prison because of the outstanding warrant; or prejudice to chances of securing parole from the second sentence or entry into other rehabilitative programs. Id. at 152.
Unlike the prisoner in Moody, who promptly requested execution of the parole revocation warrant *155 upon the Board’s lodging of the detainer, Cinelli waited twenty years after his parole was revoked before asserting that his due process rights had been violated. See Smith, 17 Mass.App.Ct. at 153 (“It is not to be overlooked that [defendant] long withheld suit” where defendant waited eight years after parole revocation before alleging due process violations); Commonwealth v. McInerney, 380 Mass. 59, 66-67 (1980) (defendant who waited 14 months before asserting his right to a speedy trial under the 6th amendment “must bear some of the responsibility for the delay”). Assuming that Cinelli can now raise this issue, he has not filed any affidavits or presented any other evidence indicating when, if ever, he was afforded a parole revocation hearing. Rather, he makes only a general assertion of due process violations without alleging any circumstances warranting deviation from the Moody rule. See Smith, 17 Mass.App.Ct. at 153. Accordingly, the Court finds that the Board did not violate Cinelli’s due process rights when it revoked his parole without a hearing following his arrest on the Walpole charges.
Nothing in Lynch, petitioner, 7 Mass.App.Ct. 529 (1979), a case cited by Cinelli at oral argument, is to the contrary. In that case, the Appeals Court held that a prisoner, who was sentenced to serve a 2V2-3 year sentence concurrently with an 18-20 year sentence on which his parole was improperly revoked, was entitled to good conduct deductions from his 18-20 year sentence during the period that he was confined on the 2V2-3 year sentence. Unlike Cinelli, the prisoner in Lynch was “on the street” serving parole at the time his parole was revoked without a hearing, and therefore his rights under Morrissey were violated. Moreover, the Appeals Court made clear that had the Board properly revoked the prisoner’s parole, “th[e] case would be quickly resolved under the last sentence of G.L.c. 127, §149, which would require us to conclude that the period of time during which the petitioner was confined [for the second offense] should not be considered as any part of the time served on . . . the original sentence.” Id. at 533 n.10. For these reasons, the Court DENIES Cinelli’s motion to correct the sentence which he is now serving based on alleged due process violations.
III. The Interests of Fairness and Justice
Cinelli next claims that the interests of justice and fairness mandate his immediate release from prison. Here, Cinelli relies heavily upon the Appeals Court’s decision in Royce, petitioner, 28 Mass.App.Ct. 397 (1990). In Royce, the issue before the Court was whether a state prisoner was entitled to credit towards service of a 1971 state prison sentence from which he escaped in 1973, or whether he must serve the time owed on that sentence upon the expiration of state prison sentences imposed for unrelated crimes in 1982. In that case, even though state officials knew that the prisoner was being held in federal prison, a detainer to serve the remainder of the 1971 sentence was not filed against him until 1986. No statute governed Royce’s unique situation, and therefore the Court applied the standard of “fairness and proper sense of justice,” concluding that the balance of the original sentence merged into the new unrelated sentences. Id. at 398. The Court reasoned,
The delay in filing the detainer until after Royce received the new state prison sentences was prejudicial. It deprived him of the opportunity to have the sentencing judges order the new sentences to be concurrent with the remaining portion of the 1971 sentence. Royce certainly cannot be faulted for failing to bring the matter up himself before the sentencing judges. Given the altogether confusing situation and the Commonwealth’s inaction, he could not reasonably have been expected to known that he would be required to serve the remainder of the 1971 sentence. Id. at 401.
Cinelli’s reliance on Royce is misplaced. As previously noted, G.L.c. 127, §149 is controlling, and under that statute, the Board’s service of a revocation warrant for the Concord sentence four months after the termination of the Walpole sentence was proper. Moreover, unlike the Commonwealth’s action in Royce, here the Board did not delay filing the detainer against Cinelli. To the contrary, records indicate that the DOC lodged the detainer against Cinelli on May 20, 1981, the same day that his parole was revoked, and months before his sentencing on October 28, 1981. Unlike the prisoner in Royce, therefore, Cinelli cannot claim prejudice.
Although the Court recognizes that Cinelli’s service of the 1976 Concord sentence has been protracted, there is no legal basis to strike the balance remaining on the Concord sentence. Cinelli’s motion to correct the sentence which he is now serving based on “considerations of fairness and a proper sense of justice” is, therefore, DENIED.
ORDER
For the foregoing reasons, Cinelli’s motion for post-conviction relief pursuant to Mass.R.Crim.P. 30(a) is hereby DENIED.

 The Supreme Judicial Court affirmed that conviction in Commonwealth v. Cinelli, 389 Mass. 197 (1983).

 The court notes that Cinelli’s inmate sentencing sheet also indicates that on January 29, 1992, Cinelli was returned to custody on the Concord sentence.

 Although Cinelli’s memorandum in support of his motion did not specify the applicable section of Mass.R.Crim.P. 30, at oral argument, the parties agreed that Cinelli’s motion was properly governed by Rule 30(a). Under that section, “whoever is imprisoned or restrained of his liberty pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or to correct the sentence which he is then serving upon the ground that his confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts.”

 Attorney McCormack testified that he had a memory of the judge “crafting a sentence” and discussing what “effect” *156 the Concord sentence would have on the new sentence with the probation officer. Mr. McCormack also recollected that at some point the judge stated, “today will be a forthwith sentence.” However, Mr. McCormack also testified that he had no recollection of either counsel saying anything about the sentence being Imposed forthwith, nor any memory of the judge Instructing the Clerk to impose a forthwith sentence.

 In any event, as the Commonwealth correctly argues, even If the Walpole sentence was imposed forthwith, it would not have eliminated the Concord sentence. The statute In effect at the time of Cinelli’s sentencing In both 1976 and 1981 was G.L.c. 279, §28, as amended by St. 1955, c. 770, §98. Under that version of the statute:
If a convict serving a sentence of Imprisonment In the Massachusetts Correctional Institution, Concord, is convicted of a crime punishable by imprisonment In the state prison or house of correction, the court may impose a sentence of imprisonment therein and may order It to take effect forthwith, notwithstanding the former sentence. No sentence of imprisonment shall be Imposed under this section in the Massachusetts Correctional Institution, Concord, notwithstanding the provisions of section thirty-one.
A forthwith sentence to either a house of correction or to a State prison imposed pursuant to that version of §28 did not terminate the prior sentence then being served In Concord. See Dale v. Commissioner of Correction, 17 Mass.App.Ct. 247, 250-51 (1993). In Dale, the Appeals Court expressly compared G.L.c. 279, §27 and G.L.c. 279, §28, and concluded that because §28 did not have language stating that a prisoner is to be “discharged at the expiration of the new sentence,” a sentence of Imprisonment in a house of correction ordered by a judge to take effect “forthwith” did not terminate a previously Imposed sentence then being served by the prisoner In MCI-Concord. Clearly the Court had the power to order that the second sentence be imposed forthwith so as to become immediately effective, suspending the Concord sentence until after the second sentence was served. Id. at 248. Thus, Cinelli’s Concord sentence would have survived a sentence to Walpole Imposed forthwith.

 At the evidentiary hearing, the DOC submitted as evidence a letter Cinelli wrote to the Board, received on December 19, 1983, stating, “I had a twenty year Concord sentence and was paroled and arrested a few years later I got a 20-25 Walpole sentence in eighty-one I thought it wiped out the Concord parole but I guess I was wrong because I got a parole warrant and this was issued in 1981.”

 At various times during 1992-1993, Cinelli was returned to parole status on the Concord sentence and was thus able to receive double credit. Indeed, Cinelli was apparently on parole status as to the Concord sentence when he was discharged from the Walpole sentence on May 3, 1994.

 Under Mass.R.Crim.P. 30(c)(3), ”[e]ach moving party shall file and serve and each party opposing a motion may file and serve affidavits where appropriate in support of his respective position . . .”